# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| **AIDA LUZ RIVERA TORRES** <br> **PLAINTIFF** | * <br> * <br> * | **CASE NUMBER** 23-1481-ADC |
| **vs.** | * <br> * | **JURY TRIAL:** |
| **UNIVERSITY OF PUERTO RICO** <br> **LUIS A. FERRAO DELGADO** <br> **JOSÉ I. MEZA PEREIRA** <br> **KARILYS GONZÁLEZ NIEVES** <br> **DEFENDANTS** | * <br> * <br> * <br> * <br> * <br> * | RECEIVED CASHIER <br><br> CLERK'S OFFICE USDC PR <br><br> 2023 SEP 25 PM 3:23 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR A CIVIL CASE

I.  The parties to the complaint:

    a.  The Plaintiff:

    Name: Aida Luz Rivera Torres.

    Address: #405 Calle Llorens Torres Apt. 1103 San Juan, PR 00917

    Telephone: (787)642-8237.

    Email: aiditariveratorres27@gmail.com

    b.  The defendants:

    Defendant #1:

    Name: University of Puerto Rico.

    Address: P.O. Box 23400 San Juan, PR 00931.

    Telephone: (787)250-0000.

    Defendant #2:

    Name: Luis A. Ferrao Delgado.

    Title: President of the University of Puerto Rico.

Address: P.O. Box 23400 San Juan, PR 00931.

Telephone: (787)250-0000.

Defendant #3:

Name: José I. Meza Pereira.

Title: Present Dean, University of Puerto Rico, Carolina Campus.

Address: #2100 Avenida Sur Carolina, PR 00984.

Telephone: (787)257-0000.

Defendant #4:

Name: Jorge Valentin

Title: Former Dean of Carolina Campus University of Puerto Rico

Defendant #5:

Name: Dr. Luis Torres

Title: Former Director of the Natural Sciences Department (previous sciences courses counselor)

Defendant #6:

Name: Karilys González Nieves.

Title: Present Director of the Natural Sciences Department, UPR Carolina Campus.

Address: #2100 Avenida Sur Carolina, PR 00984

Telephone: (787)257-0000.

Defendant #7:

Name: Abelardo Martinez

Title: Former Registrar's Director of University of Puerto Rico, Carolina

Campus

Defendant #8:

Name: Vladimir Peña

Title: Former Account's Payable Officer

Defendant #9:

Name: Ubaldo Córdoba

Address: P.O. Box 23400 San Juan, PR 00931

Basis for jurisdiction:

A. Aplicable laws required for the Federal Question Jurisdiction:

1. Age Discrimination Act of 1975, 42 U.S.C. §6101-6107; 34 CFR 110.

a. Section 6101: "It is the purpose of this Chapter to prohibit discrimination on the basis of age in programs or activities receiving federal financial assistance".

b. Section 6102: "No person in the United States shall on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity, receiving federal financial assistance".

c. Section 6103B: "The differentiation made by such action is based upon reasonable factors other than age such as repetitive problems, not complying with the due process".

d. Section 6104B: "Limitations on termination of, or on refusal to grant or continue, assistance; disbursement of withheld funds to achiever agencies".

"Any termination of, or refusal to grant or continue, assistance under subsection (a)(1) of this section shall be limited to the particular political entity or other recipient with respect to which a finding has been made under subsection (a)(1) of this section.  Any such termination or refusal shall be limited to its effect to the particular program or activity, which does not receive Federal financial assistance".

e. Section 6106: "The Commission on Civil Rights shall (1) undertake a study of unreasonable discrimination based on age in programs and activities receiving Federal financial assistance; and (2) identify with particularity any such federally assisted program  or activity in which there is found evidence of persons who are otherwise qualified being, on the basis of age, excluding from participation in, denied the benefits of, or subjected to discrimination under such program or activity".

f. Equal Rights under the Law, 42 USC 1981.

g. Curto v. Smith, 248 F. Supp. 2d 132 (2003).

h. Grimwood v. University of Puget Sound, 110 Wash. 2d 355 (1988).

II. Statement of Claims:

1. The Registrar, Mr. Abelardo Martínez, failed to register the grade for the Statistics and Probabilities course taken during the summer section of 2016. The Collection Office and its officer, Mr. Vladimir Peña, did not accept the payment for the class.  Plaintiff was told she could make the payment on June 31, 2016. Mrs. Rivera Torres obtained a ninety three (93%) percentage which is an A grade in the class.  The Acting Associate Academic Dean at the time,

Professor Ramonita had a conversation with the Plaintiff and told her the following: "Professor Matos came by my office and affirmed that you took his course and obtained a good grade. Speak to the Registrar and tell them to help you register the course and the grade". Professor Matos knew that the Plaintiff was going to pay for the course as soon as possible but were waiting for a monetary compensation that was arriving at the end of the course. The Registrar failed to register the course, failed to allow the Plaintiff to pay timely for the course and failed to register the grade.

2. The secretary of the Director of the Natural Sciences Department, Mrs. Ada Tolentino, did not replace on time the previous grade with the new grade for the class of Organic Chemistry II at the Registrar's office. She committed these omissions 3 times but the first two times, the plaintiff went to her office the semester after she took the courses and found out the grade's replacement did not go through. The secretary of the Natural Sciences filled the documents again and took them directly to the Registrar's department making sure the changes were made but she failed to do it for the Organic Chemistry II course although she was reminded several times.

3. The new director of the Natural Sciences Department, Professor Karilys González, was forcing the plaintiff to move to the Río Piedras Campus of the University of Puerto Rico while taking two (2) courses that same trimester in the Carolina Campus, placing unnecessary and uncalled pressure. That same trimester, Professor Karilys González told the Plaintiff she must transfer to the Río Piedras Campus because she had allegedly already taken the necessary

courses to complete an articulated transfer.  The following semester, Professor González did not allow the Plaintiff to come back to the Carolina Campus of the University of Puerto Rico alleging she had pressure from the Dean of Academics office.  The previous Director of the Natural Sciences, Professor Luis Torres (who counseled academically Mrs. Rivera Torres for 3 years) told Mrs. Rivera Torres that she did not need to transfer to the Río Piedras Campus, that she could complete all the academic Pre-Med required courses for the requirement courses necessary to apply for Med School.

4. The plaintiff requested a withdrawal from the Organic Chemistry course with Professor Gerardo Torres because she had an accident.  Rivera Torres spoke with the Dean of Students of the Natural Sciences Department at the University of Puerto Rico in Río Piedras Campus and brought the medical note certifying the plaintiff had an accident and her right leg was placed in a cast.  The Dean of Students, Ms. Agnes González, did not speak with Professor Torres on time and she was registered an F, affecting her grade average and the possibility of getting her loan that semester to pay for tuition and living expenses.  Because of Ms. González actions, Plaintiff did not receive the student loan for the following semester.

5. The Professor González summoned all the students one afternoon to the Natural Sciences library of the University of Puerto Rico Río Piedras Campus to show the students the test and then he did not showed up to the meeting time.  Mrs. Rivera Torres emailed Professor González many times to schedule a meeting but never got a response from the professor.

6. The biology Professor Santiago from the Carolina Campus of the University of Puerto Rico did not showed the Plaintiff the right answers of two lab tests done on computer in different semesters, even though she had the right to see what supposedly were the right answers. Mrs. Rivera Torres wrote to the professor several times and he either postponed the meeting or when she went to his office he was not there. She was never able to agree on a date to see him because he was in other classes. Most of the Professors in the Carolina Campus showed her all the exams and discussed with her the right answers even at night. He could have found time after 6 p.m. to show her the tests but he never did.

The same professor was running a research program on neurons. The Plaintiff talked to Professor Santiago and to the other professor in charge of the research program to see if she could join the research program but once again, she was never given the opportunity to join.

Most medical schools require proof of having worked on medical research programs as part of the application process. Failing to be allowed to join the research program denied her the opportunity to meet the minimum research requirements for medical school.

7. The University alleged that the Plaintiff did not have academic progress measured through a mathematical formula used by the Registrar. The Plaintiff was never explained the term before the meeting when the Registrar and the Director of the Natural Sciences Department told her that she did not have the necessary academic progress to be able to be granted the loan in her fifth year

of attending the University.  This formula is based on points given by the amount of classes taken and having taken elective courses when the science requirements were not available on the list of courses available for the semesters curriculum, harmed her, since the Plaintiff had accumulated more of the points limit at the Carolina quatrimester based College. She never knew of this academic progress formula limit when she was not part of an articulated program. The former science director always told her she did not need to move to finish the requirements but still she was left out without the opportunity to continue studying.  This formula was never mentioned or explained to Mrs. Rivera Torres when she met multiple times with the Natural Sciences Director who would sign the permits allowing her to repeat a course to improve the grade point average.  Professor Luis Torres continuously motivated the Plaintiff when he would talk about other previous students that are now doctors who had to repeat several chemistry or physics courses and that having to repeat a course should not deter Mrs. Rivera Torres from continue with the desire to become a doctor.

8. When the Plaintiff was given the action of No Academic Progress by the Natural Sciences Director, Prof. Karilys and denied the student federal loan, she went to get help from the University of Puerto Rico highest administrative office where the President presides. She took her claims in written to the UPR Central Administrative Office located at El Jardín  Botánico. There in the Central Administrative Office she left a copy of the claims for the President at that time, Prof. Jorge Haddock and to the acting academic dean at the moment, Prof.

Ubaldo Córdoba. Since she did not received any communication in two weeks after the claims were rendered, she passed by the Office again in November 2019. This time she spoke in person with the Academic Dean Ubaldo Córdoba and he told her he had several trips scheduled soon and that when he returns, in a month and a half he would contact her. Prof. Cordoba never contacted her, neither the President of the UPR. The actions of the University concluded in discriminatory institutional actions by not helping the plaintiff to register properly and accurately her grades, to correct the No Academic Progress criteria which she was never advised of this protocol or rule while she was a student during 4 years, by stopping her development, negating her the right to her student federal loans and the means to continue progressing in her intended career path.

9. The University intentionally and continuously failed to give Mrs. Rivera Torres the due process to register the proper grades, improper counseling and failure to act in a timely manner caused the Plaintiff the damages claimed herein.

10. Mrs. Rivera Torres did contact the Puerto Rico's Resident Commissioner office in Washington.  Plaintiff spoke with one of the staff members named Gabriel. He did assure Rivera Torres about the many monetary allocations that were granted to the different universities in Puerto Rico during the pandemic.  He was asked if he had the amount of money given to the University of Puerto Rico to help students in need of loan money or other financial aid for the students. The clerk explained he will check on the information of how much money was given to the University of Puerto Rico and for what specific purposes but he

failed to contact again the Plaintiff with the information.  The Clerk was going to check what information he had, if any, and was given the telephone number to call with the information as he said he would.

11. This case is related to Civil Rights transgressions and Age Discrimination to Plaintiff and an administrative system that was persistently negligent to help complete her due process as a student.  Therefore, discriminating to solve the plaintiff's claims that had to do with compliance of the university processes. The university constantly was ineffective in solving its own issues. The plaintiff raised these matters multiple times to the proper University authorities and its officers have repeatedly neglected to contact her and failed to resolve the issues at hand.

III.   Relief:

1. The Plaintiff requests that be paid the amount of $1,000,000.00 for the damages caused by the defendants.

2. It is also requested that the grades be properly recorded and the certifications of study be promptly issued.

3. Request that a lawyer be assigned to the case.

4. Requests any other remedy that proceeds by law be provided accordingly.

IV.   Certification and closing:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by

a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

1. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _September 25th, 2023_

Signature of Plaintiff: _Aida L. Rivera Torres_

Printed name of Plaintiff: _Aida L. Rivera Torres_